MASSA, Justice,
dissenting.
The Court’s thoughtful and meticulous parsing of the facts and the law, in the end, leaves one overarching question unanswered: what should the pólice have done?
When called at midnight to a 24-hour storage facility in a high-crime area to help the owner evict a customer improperly living in a unit, should they have refused to come? I doubt it. Once there, should they have declined to investigate further and not accompanied the owner from the gate to the unit? Again, I think not. Most critically, once they entered the unit and saw Clark drop his bag, should they have looked the other way and departed?
The breadth of the Court’s opinion notwithstanding, the issue essentially boils down to whether the officers had a reasonable and articulable suspicion that justifies their decision to conduct a Terry stop. Once they saw Clark drop his bag, I would conclude they did have such a suspicion, whatever the tone of their ensuing instructions. It was Clark’s subsequent admission, as the majority notes, that led to his arrest and all that followed — most of which this Court would approve, had it not found all that fruit poisoned for want of Terry suspicion.
*274 I would affirm the trial court as a unanimous panel of the Court of Appeals did below and thus respectfully dissent.